UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON STONE,

    Plaintiff,

    v.

JOHN HARVILL, et al.,

    Defendants.

CAUSE NO. 3:20-CV-498-JD-MGG

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed a complaint against three defendants alleging that they denied him access to the prison's grievance process from August 2, 2019, to May 5, 2020. ECF 1. He has also filed a motion for a preliminary injunction. ECF 26. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Stone states that, on August 2, 2019, he was transferred to the Westville Correctional Facility. ECF 1 at 5. He states that since his transfer, he has filed thirty-one grievances. *Id*. Stone asserts that twenty-two grievances pertain to his Kosher diet. *Id*. at 6. These grievances indicate he was denied his religious diet and was served

non-Kosher, spoiled food. *Id*. Stone states he also filed one grievance about the cold temperature in his cell and five grievances about being subjected to unclean living conditions. *Id*. He represents that six of his grievances pertain to being denied medical care, two grievances concern the denial of due process, and one grievance deals with being denied access to the law library. *Id*. Thus, according to Stone, these grievances indicate his emotional and spiritual anguish as well as the physical pain he has suffered. *Id*. at 6-7.

Stone asserts that Defendant John Harvill, the prison's grievance specialist, who has engaged in a pattern of corruption, denied thirty of his grievances and returned them to him. ECF 1 at 8, 10, 12. He states only one grievance was given a log number and his grievances were not properly reviewed even though he asserted grievable matters. *Id*. at 8. While he claims that Mr. Harvill, Warden John Galipeau, and Deputy Warden Kenneth Gann denied him access to the grievance process, Stone has no constitutional right to access the prison's grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore, Stone cannot proceed on this claim.[1]

---

[1] To the extent, Stone claims that each of the defendants failed to act or intervene to stop the repeated violation of his alleged constitutional rights, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). *See* ECF 1 at 16-17. In other words, "[p]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Stone cannot proceed against Mr. Harvill, Warden Galipeau, and Deputy Warden Gann on these allegations.

Stone next alleges that Mr. Harvill, Warden Galipeau, and Deputy Warden Gann denied him equal protection under the law. ECF 1 at 13-14. However, his allegations are unclear, vague, and conclusory. Therefore, Stone cannot proceed on his equal protection claim.

Stone has also asserted an Eighth Amendment conditions of confinement claim. ECF 1 at 15-16. In evaluating an Eighth Amendment conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks if the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* As to the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). While Stone states he filed grievances because he had some instances of unclean living conditions and his cell was cold on one occasion, his allegations do not support a conclusion that these isolated situations were the result of

deliberate indifference on the part of Mr. Harvill, Warden Galipeau, and Deputy Warden Gann.

As a final matter, Stone has filed a motion for a preliminary injunction. ECF 26. Here, Stone asks the court to enjoin and restrain the defendants from refusing to allow and process his grievances. ECF 26 at 1-2. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, Inc., 555 U.S. 7, 20 (2008). Because Stones has no constitutional right to access the grievance process, his motion for a preliminary injunction will be denied. *See Grieveson*, 538 F.3d at 770.

While Stone's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Stone should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Brandon Stone's motion for a preliminary injunction (ECF 26);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Brandon Stone;

(3) GRANTS Brandon Stone until **March 1, 2021,** to file an amended complaint on that form; and

(4) CAUTIONS Brandon Stone that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on January 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT