UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON STONE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HARVILL, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-498-JD-MGG |

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed a complaint pursuant to 42 U.S.C. § 1983 asserting that he was denied access to the grievance process and equal protection under the law, and subjected to unclean and cold living conditions while he has been housed at Westville Correctional Facility. ECF 1. The court screened Stone's complaint and found that it did not state a claim. ECF 27. However, he was granted an opportunity to file an amended complaint. *Id*. He has now done so. ECF 30. Stone also filed a motion for a preliminary injunction, which the court denied. ECF 26. He has now renewed his motion for a preliminary injunction. ECF 32.

Pursuant to 28 U.S.C. § 1915A, the court must review the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief

that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his amended complaint, Stone asserts that, although he may not have a constitutional right to access the prison's grievance system, he has a right to equal protection under the law as it pertains to that system. ECF 30 at 2. He claims he is being discriminated against because his grievances are not being processed, which prevents him from appealing his complaints to a higher authority in the prison. Stone states that, while other inmates are given an opportunity to grieve their complaints to Warden John Galipeau, Grievance Specialist John Harvill has denied him the same opportunity. *Id.* He asserts that, when he informed Warden Galipeau and Deputy Warden Kenneth Gann about this issue, they chose to ignore his request for help. *Id.*

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." *Id.* at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination

must be intentional, purposeful, or have a discriminatory motive). Thus, he must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* However, Stone has not identified himself as part of any group, protected or otherwise, that is treated differently than other inmates. Instead, he makes vague allegations he is being treated differently than other inmates, and that is not an equal protection claim. Furthermore, as the court previously advised Stone, he has no constitutional right to access the prison's grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore, he may not proceed on this claim.

     As a final matter, Stone filed a renewed motion for a preliminary injunction. ECF 32. However, because Stone's amended complaint does not plausibly allege that any of his rights under the federal constitution have been violated, his renewed motion for a preliminary injunction will be denied.

     Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, Stone will not be permitted to file an amended complaint.

3

4

For these reasons, the court DENIES the renewed motion for a preliminary injunction (ECF 32) and DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim. The clerk is DIRECTED to close the case.

SO ORDERED on June 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT